W. H. STARK ET AL. v. NANCY MILLER.

(Case No. 1987.)

1. PRACTICE — JUDGMENT.— There is no error in rendering judgment on the last day of the term of court, when the cause is submitted to the court on that day.   For this, rule 65 for the government of district courts makes special provision.

2. JUDGMENTS.— Statements of irregularities practiced by a district judge, in interlining a judgment after its entry, will not be noticed by the supreme court when made only in the briefs of counsel, with nothing in the transcript to sustain them.

3. JUDGE'S NOTES — JUDGMENT.—The entries made by a district judge on his docket are for his own convenience and that of the clerk in making his entries.   They form no part of the record, and, in case of a discrepancy between such entries and those made in the records of the court by the clerk, the latter must prevail.

ERROR from Orange.    Tried below before the Hon. W. H. Ford.

*John T. Stark,* for plaintiff in error.

No briefs on file for defendant in error.

WILLIE, CHIEF JUSTICE.— The record shows that this cause was submitted to the court on the law and the facts upon the last day of the term, and hence there was no error in rendering judgment upon that day. This is expressly provided in rule 65 for the government of the district courts.

This disposes of the first assignment of error, and not one of the four remaining assignments is founded upon anything contained in the record.

No statement of facts or bill of exceptions is found in the transcript.    The judgment contains the names of the parties for and against whom it was rendered, and a sufficient description of the land adjudged to the plaintiff.    There is nothing to show that the defendant Charles Goran was entitled to a judgment in his favor any more than his co-defendant.

The charge made in the appellant's brief, that the judge below interlined the judgment after it was entered by the clerk, if it were a matter of any importance, is wholly unsupported by the record. It rests solely upon the statements of the appellant's counsel made in his brief and argument.    We cannot take notice of statements of that character coming to us in this manner.    The description of the land as given in the judgment does not vary from that found in the notes taken from the judge's docket.    The former calls for the first or north line of the survey to run west to the corner of Tom Day's line on the adjoining lot on the north.    The latter calls for this line to run west to Tom Day's line.    We are not informed whether Day's line ran with the other west line or at right angles to it, and hence cannot say but that each description is equivalent to the other.    Besides, the judge's notes are for his own convenience and that of the clerk making the entries, and form no part of the record, and in case of a discrepancy between these notes and an entry in the minutes the latter would prevail.

As to the alleged refusal of the judge to state in writing his conclusions of law separate from his conclusions of fact, the record does not show that he was ever requested to make such a statement, and hence he was not required by law to do so.    There is no error in the judgment, and it is affirmed.

                                        AFFIRMED.

[Opinion delivered January 27, 1885.]