## MASSIE & RATHER v. STATE NATIONAL BANK OF VERNON.

### No. 1980.

**1.  Agreement to Lease—Measure of Damages for Breach.**

The measure of damages for a breach of contract to lease premises for a specified term is the difference between the market value of the lease and the agreed rent for the entire term, and not merely to the time of trial.

**2.  Same—Discounting Payments of Rent Not Due.**

In determining the difference between the market value of the lease and the agreed rent, which was payable monthly, installments not due at the time of trial should be discounted at the legal rate of interest, and the same rule applies in arriving at the market value of the lease.

**3.  Same—Single Action for all Rents Payable.**

Where defendant agreed to lease a building for five years at a fixed rental price, payable monthly, his refusal, at the time stipulated for the lease to begin, to occupy the premises or sign a contract of lease, was such a breach as put an end to the entire contract, and therefore authorized if it did not require plaintiffs to sue for all their damages in one action.

**4.  Practice on Appeal—Action of Trial Court Not Shown by Clerk's Certificate.**

Alleged error of the trial court in sustaining exceptions to pleadings will not be considered on appeal where there is nothing in the record to show that such ruling was made except a certificate of the clerk to a copy of the notes on the judge's docket, with the statement that the orders thus indicated were never carried into the minutes.

APPEAL from Wilbarger. Tried below before Hon. G. A. BROWN.

*Smith & Basham,* for appellants.—The measure of damages in this case is the difference between the price agreed to be paid and the market value of the premises for the term. Murphy v. Service, 2 Willson C. C., 746; Taloy v. Bradley, 100 Am. Dec., 415; Ramelee v. Hall, 76 Am. Dec., 140; Hoy v. Gronoble, 75 Am. Dec., 623, and note; Snodgrass v. Reynolds, 58 Am. Rep., 601; Bowman v. Branson, 19 S. W. Rep., 634.

*Frank P. McGehee,* for appellee.

HEAD, ASSOCIATE JUSTICE.—In this suit appellants allege that they erected a brick building in Vernon, under an oral agreement with appellee that it would enter into a written contract to rent it for five years at $75 per month; that about the time the building was completed appellee refused to occupy it, or sign the contract as it had agreed to do; that the actual rental value of the building for the stipulated five years term was only $1800, and damages were claimed to be estimated at the difference between this sum and $4500, the agreed rent.

The court charged the jury that, "If, under the foregoing instruc-

tions and the evidence, you find the plaintiffs are entitled to recover
any damages from the defendant, the measure of such damages will
be the difference, if any, between the sum the plaintiffs have received
for the rent or use of the room agreed to be leased, from the date of
its completion under the contract to this date, and the price and sum
they would have received during such time under the contract with
defendant, but you can not consider any sums or difference to which
plaintiffs would be entitled after this date."

We think this charge was erroneous. We concur in what is said
upon this subject by Quinan, J., in Randall v. Thompson Bros., 1 White
& W. C. C., 1102, and, therefore, quote at length from that opinion,
as follows: "Plaintiff rented premises to defendant for a specified term.
Before the expiration of the term defendant abandoned the premises,
notifying plaintiff at the time of such abandonment. Plaintiff then
rented the premises to another party for the remainder of the term,
but for a less sum than defendant had contracted to pay therefor.
Held: It is contended that the abandonment of the premises to the
lessor, though against his wish, and with notice that he would hold the
lessee responsible for the rent for the full term, and his subsequently
letting the place to another tenant, was a surrender and termination
of the lease, and that the plaintiff has no right to recover rent since
the termination of the lease. 1 Wash. on Real Prop., 479; 6 Wharton,
541. But it does not follow that because of the wrongful act of the
defendant in the breach of his contract by the abandonment of the
rented premises, when the landlord, to protect his property from the
injury it might suffer from lying idle and abandoned, and having given
the tenant due notice of his intention, lets the premises and puts an-
other tenant in possession, that though the first tenant is not any
longer responsible to nomine for rent, he is absolved from all
liability to make good the loss which the landlord may sustain from
his failure to perform his contract. True, the landlord may, if he
choose, decline to meddle with the property, and at the end of the
term sue for the rent; but he is not to be driven to this course, and
run the risk of damages to his property and the insolvency of his ten-
ant. He does not forfeit his right to compensation for the violation
of the contract by taking possession of the abandoned house, nor can
the lessee be permitted to shield himself from all recovery under an
act which indeed lessened the loss that he had caused. The plaintiff
in this case was entitled to recover, not, indeed, for rent of the prem-
ises after the abandonment of them by the defendants, but for com-
pensation for the injury done him; and the proper measure of his dam-
age is set out in the account upon which he sues; that is, the difference
between the rent he was to receive and the rent he did receive, if
that were the utmost for which, by the exercise of ordinary diligence,
the premises could be rented. Field on Damages, 523; Sedgwick on
Damages, 944."

If appellants had, upon the refusal of appellee to comply with its

contract, rented the house to some other person for $1800, that being its full value for the contract period, the decision here quoted would be directly in point, and we think the principle is the same where the lessor retains the premises and charges himself with the amount he could have obtained from others. It is well settled that for a breach by the lessor of the covenant for quiet enjoyment, the lessee can recover as damages the difference between the value of his lease and the stipulated rent (Buck v. Morrow, 2 Texas Civ. App., 361), and no satisfactory reason can be given why the same rule should not be applied in favor of the lessor against the lessee. It has also been held that for a refusal by the purchaser of real estate to complete his contract, the seller can recover as damages the difference between the agreed price and the market value (Kempner v. Heidenheimer, 65 Texas, 591); and if this measure is to be applied to contracts involving the fee simple title, we see no reason why it should not be applied to those for shorter terms.

In making the estimate of this difference in value, however, due allowance must be made for the fact that the whole $4500 was not to be paid at once, but payment was to be made in monthly installments of $75 each. It will therefore be necessary to discount these payments at the legal rate of interest, to arrive at their present value; and a similar precaution must also be observed in arriving at the market value of the lease.

That the breach alleged in this case was of such a nature as to put an end to the entire contract, and therefore authorize, if not require, appellants to sue for all of their damages in one action, we think clear. Hearne v. Barrett, 49 Texas, 625; 1 Sedgwick on Damages, 8th ed., secs. 87 and 90.

What we have said has been without reference to the effect of the statute of frauds upon this contract. This defense does not seem to have been relied upon except by special demurrer, which upon the record as presented to us we must treat as having been waived.

We must also refuse to sustain appellants' assignment to the alleged action of the court in sustaining appellee's exceptions to their pleading. The only evidence we have that these exceptions were acted upon by the court at all, is a certificate of the clerk to a copy of the judge's notes made upon his docket, with the statement that the orders thus indicated were never carried into the minutes of the court. We have heretofore held this insufficient. Swearingen v. Wilson, 2 Texas Civ. App., 157.

We also express no opinion as to the right of appellants under their allegations to recover as damages the alleged difference in value between the building as constructed and what it would have been worth had it been completed as first contemplated, in case for any reason they should be held not entitled to recover the difference in rental value. It was alleged that this building was first intended for mercantile purposes, and its construction changed at an increased cost to make it

suitable for a bank, in reliance upon appellee's promise to rent it as above set forth. This question has not been briefed.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 26, 1895.