## COW BAYOU CANAL CO. v. ORANGE COUNTY.

(Court of Civil Appeals of Texas. Galveston. May 24, 1913.)

1. JUDGMENT (§ 574*)—RES JUDICATA—WHAT CONSTITUTES JUDGMENT.

A mere notation by the trial judge on his docket is not a part of the judgment or record so that it cannot be relied on as a judgment under the doctrine of res judicata.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1021; Dec. Dig. § 574.*]

2. LIMITATION OF ACTIONS (§ 11*)—INJURIES TO COUNTY PROPERTY.

The two-year limitations run against a county to bar an action by it against a canal company for reimbursement for amounts expended in repairing a bridge, the construction and subsequent repair of which was made necessary by the canal.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 35–39; Dec. Dig. § 11.*]

3. COURTS (§ 121*)—JURISDICTION—AMOUNT—COUNTY COURT.

The county court would not have jurisdiction of an action by a county against a canal company to recover a sum less than $200 as a reimbursement for repairs made to a bridge necessitated by the construction of the canal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–426, 428, 450, 452, 458, 459, 466; Dec. Dig. § 121.*]

Appeal from Orange County Court; O. R. Sholars, Judge.

Action by Orange County against the Cow Bayou Canal Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

See, also, 143 S. W. 963.

Bisland & Adams, of Orange, for appellant. E. L. Bruce, of Orange, and W. O. Huggins, of Houston, for appellee.

McMEANS, J. Orange county, appellee, on December 20, 1910, brought this suit against the appellant, Cow Bayou Canal Company, alleging that appellant was a corporation duly chartered under the provisions of title 60, c. 2, arts. 3115 to 3131, Revised Statutes 1895, to engage in the construction and operation of irrigation canals in Orange county, and that it had constructed such canals, one of which intersects a public road in said county, and that the intersection of said road by said canal made the construction of a bridge at that point necessary; that a bridge at that point had been constructed, but had thereafter fallen into a state of disrepair and become dangerous to travelers, of which appellant was aware; that, appellant having refused to repair said bridge, appellee, as was its duty, in September, 1908, caused said bridge to be repaired, and in doing such repairs it became necessary and appellee did furnish material, consisting of lumber and nails, and employed labor, and for such material and labor appellee expended $80. Appellee further alleged that in August, 1910, it was again compelled to repair said bridge,

and in so doing expended for labor and material the sum of $148.05. It prayed for judgment against appellant for the amount so expended by it for such repairs. Appellant answered by general demurrer and special exception and by other pleas, a statement of the nature of which is immaterial in view of the points raised for decision. The case was tried by the court without a jury and resulted in a judgment for appellee. The appellant, Cow Bayou Canal Company, has appealed.

Appellant, by its first assignment of error, complains of the refusal of the trial court to hear, consider, and sustain its special exception, which is as follows: "Defendant further specially excepts to that part of paragraph 5 of plaintiff's petition wherein it alleges a charge against this defendant for $80 for work done and material furnished and used in repairing the bridge over defendant's canal in September, 1908, because if said work was done and material used, as alleged by plaintiff, plaintiff's petition shows that the work was done and material used more than two years before the institution of this suit, and said claim and demand is barred by the statute of two years limitation." It appears from the record that when the case was called for trial, and before the appellant announced ready, it called the court's attention to and requested a decision upon the special exception quoted, but the court declined to hear and consider the same for the reason that it had passed upon and overruled the exception in question at a prior term of the court.

This is the second appeal of this case; the first being reported in volume 143 S. W. 963. In our decision upon the former appeal we say: "Appellee answered by general demurrer, special exceptions, and plea to the jurisdiction of the court, none of which appear to have been acted on." An examination of the record on that appeal bears out the statement above quoted. It appears that on the last trial, when the exception was presented, the court declined to hear and consider or pass upon it on the ground that it had previously ruled upon the same, and that the former ruling was evidenced by notation upon the judge's docket. The bill of exceptions taken to this action of the court shows that the ruling was not entered upon the minutes, nor was there any other evidence of it than the notation on the docket.

[1] It is clear from the authorities, we think, that a mere notation by the judge on his docket is not sufficient as a judgment of the court and formed no part of the record in the case. Stark v. Miller, 63 Tex. 165; Swearingen v. Wilson, 2 Tex. Civ. App. 157, 21 S. W. 74; Railway v. Carter, 25 S. W. 1023; Massie v. Bank, 11 Tex. Civ. App. 280, 32 S. W. 797.

It seems that the only effect that should

be given to an entry of this kind would be to enable the parties to have an order entered nunc pro tunc, showing the action of the court upon this exception. Swearingen v. Wilson, supra. As no steps in this direction were taken before or at the time the exception was presented on the last trial, the court should have then considered and passed upon the same. And it seems that, if the order had been entered on the minutes nunc pro tunc, the appellant could have excepted to it when so entered and would have lost none of its rights by not excepting at the time the notation was made on the docket. Texas & N. O. Ry. Co. v. Texas Tram & Lumber Co., 50 Tex. Civ. App. 182, 110 S. W. 140.

[2] This suit was filed December 20, 1910, and the petition shows that repairs, for which appellee expended $80, were made by it in September, 1908, more than two years before the suit was begun. From this it appears that the exception was well taken, and when again presented should be sustained as to this item, unless the pleadings shall be amended to show that the work was done and the cost incurred within two years next before the filing of the original petition. It seems to be well settled that limitation runs against a county in cases such as this. Railway v. Travis County, 62 Tex. 16; Johnson v. Llano County, 15 Tex. Civ. App. 42, 39 S. W. 995; Ward v. Marion County, 26 Tex. Civ. App. 361, 62 S. W. 557.

[3] In the event the special exception is sustained, the sum sued for would be reduced below $200, and the county court would not have jurisdiction. Love v. Dowbarn, 26 Tex. 507; Telegraph Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, and authorities cited.

For the error in refusing to rule upon the special exception, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.