**NOBLETT et al. v. OLIVE et al.   (No. 2217.)**

(Court of Civil Appeals of Texas.   Amarillo.
Nov. 28, 1923.   Supplemental Opinion,
Feb. 27, 1924.)

1. **Appeal and error ☞502(6)—Affidavit as to giving of notice of appeal held not to show jurisdiction.**

Where the record contains no order overruling appellant's motion for new trial, the court cannot determine whether a notice of appeal, not entered of record in accordance with Rev. St. art. 2084, was given in time, and hence cannot entertain the appeal, notwithstanding appellant's affidavit that notice was given and that the court refused to enter it of record.

2. **Appeal and error ☞933(1)—Motion for new trial in transcript without file marks considered as filed.**

A motion for new trial in the transcript without file marks on it should be considered as having been filed and the file marks inadvertently omitted from the original or in preparation of the record, if the latter contains an order on the motion.

3. **Appeal and error ☞664(1), 670(1)—Notes on judge's docket or affidavits as to proceedings not substitute for court's minutes.**

The minutes of the court, made and entered in accordance with Rev. St. arts. 1694, 1727, are the official record of the court's proceedings, and notes on the judge's docket or affidavits as to the proceedings cannot be accepted as a substitute.

4. **Appeal and error ☞657(1)—Submission set aside to enable appellants to secure nunc pro tunc entry of order denying new trial.**

Where the record contained no order overruling a motion for new trial, but an affidavit of appellants' attorney and an entry on the judge's docket showed the filing and overruling of such motion, the submission will be set aside and the case retained on the docket for a reasonable time to enable appellants to secure a nunc pro tunc entry of such order and complete the record.

5. **Appeal and error ☞502(6), 509—Court must enter denial of new trial and notice of appeal, though filed too late.**

It is the duty of the court to enter of record an order overruling a motion for new trial and movant's notice of appeal, notwithstanding his opinion that they were not filed in time; litigants being entitled to have the record show the proceedings, irrespective of whether an appeal lies, which is a matter for the appellate court.

Supplemental Opinion.

6. **Appeal and error ☞397—Appeal dismissed where notice not given until after adjournment.**

Where no notice of appeal was given until after adjournment of court, the appeal must be dismissed on appellee's motion.

Appeal from District Court, Wilbarger County; J. V. Leak, Judge.

Action by Paul and Erby Noblett against T. R. Olive and others. Judgment for defendants, and plaintiffs appeal. Appeal dismissed.

Cooke, Dedmon & Potter, of Fort Worth, and Marvin C. Culbertson, of Vernon, for appellants.

Berry, Stokes & Killough and J. Shirley Cook, all of Vernon, for appellees.

BOYCE, J. [1] No notice of appeal entered of record, in accordance with the provisions of Rev. St. art. 2084, appears in the transcript in this case. There is an affidavit that notice was given and the court refused to enter it of record. It has been held that the fact that notice was given may be shown otherwise than by the statutory entry. Western Union Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945. And since the appellees do not contest the truth of the affidavit filed, and we have no reason to doubt its verity, we would be inclined to hold that the record shows jurisdiction in this court to entertain the appeal if it had contained the order overruling the motion for new trial. Without this order we cannot determine whether the notice was given in time or not.

[2, 3] There appears in the transcript a paper styled "Plaintiff's First Amended Original Motion for New Trial and Reinstatement," but there are no file marks of any kind appearing on it. If the record contained an order on it, we should hold that the paper ought to be considered as having been filed and the file marks inadvertently omitted, either from the original or in preparation of the record. There appears in the transcript a docket entry, evidently a notation on the judge's trial docket, as follows: "Amended Motion for New Trial and Reinstatement Overruled." Underneath this appears the following: . "Filed the second day of March, 1923. Mrs. J. A. Walker, Clerk District Court Wilbarger County, Texas." There is an attorney's affidavit in the record to the effect that on March 2d he filed a motion for new trial; that it was overruled; and that he gave notice of appeal, but the "court refused to enter said notice on the court docket, stating that it was too late to give notice for appeal."

The minutes of the court, made and entered in accordance with the provisions of articles 1694 and 1727, Revised Statutes, is the official record of the proceedings of the court. Notes on the judge's docket or affidavits as to the proceedings cannot be accepted as a substitute for such record. Swearingen v. Wilson, 2 Tex. Civ. App. 157, 21 S. W. 74; Massie v. State National Bank, 11 Tex. Civ. App. 280, 32 S. W. 797.

[4] The affidavit of the attorney and entry

on the judge's docket would indicate appellant's right to move for a nunc pro tunc entry of the order overruling the motion for a new trial. Under the circumstances, we will set aside the submission and retain the case on the docket for a reasonable time to enable appellants to secure such nunc pro tunc entry and complete the record. See Wells v. Driskell, 105 Tex. 77, 145 S. W. 333 (2, 3).

[5] In view of the statements made in the affidavit in the record, we deem it proper to say: That the trial court had the power during the term to set aside the judgment theretofore entered in the case. It was proper for the appellants to seek this action by motion. Even if the court should have concluded that the motion was filed too late and denied it for that reason, the appellants had the right to have the action of the court entered of record to the end that they might have a review of such decision on appeal. Dumas v. Easley (Tex. Civ. App.) 219 S. W. 866. If notice of appeal was given, the court should have entered it on the docket, notwithstanding his opinion that it was not given in time.

Litigants have the right to have the record show the proceedings, whatever they may be, and whether an appeal therefrom will lie is a matter for the determination of the appellate court.

### Supplemental Opinion.

[6] The appellees have filed a supplemental transcript in this case and move for the dismissal of the appeal. It appears from this supplemental transcript that, after the suggestion made in the original opinion of this court as to the incompleteness of the record, the appellants moved in the court below for the entry of a nunc pro tunc order, overruling their motion for new trial, and showing notice of appeal. It appears from the supplemental transcript that the court did overrule the motion, on the 2d day of March, 1923, but that no notice of appeal was given until after the adjournment of court. The appellants do not contest this statement of the trial court, and there is nothing left for this court to do but to dismiss the appeal in accordance with the motion, and it is so ordered.