### WILLIAMS v. TRINITY GRAVEL CO.
### (No. 334.)

Court of Civil Appeals of Texas. Eastland.
June 24, 1927.

1. **Courts** ⬅169(8)—**Plaintiff may amend by abandoning severable item to reduce claim to amount within jurisdiction of court.**

In order to reduce claim to amount within jurisdiction of court, plaintiff may amend his cause of action by abandoning in its entirety any severable item thereof.

2. **Courts** ⬅169(8)—**Plaintiff cannot amend by waiving portion of severable item, or by arbitrarily reducing alleged value of property or services to reduce claim to amount within court's jurisdiction.**

Where plaintiff suing in court of limited jurisdiction demands an amount in excess of its jurisdiction, he cannot amend his petition by waiving portion of severable item, or by arbitrarily reducing the alleged value of property or services in order to reduce demand to amount within jurisdiction of court.

3. **Courts** ⬅169(8)—**Plaintiff, suing in county court for drag line bucket and rental value thereof, might amend by abandoning claim for rental value to reduce claim to amount within court's jurisdiction.**

Where plaintiff sued in county court for title and possession of a drag line bucket of the alleged value of $750, and for rental value thereof of alleged value of $5 per day during its detention from November 1 to March 18 following, thereby exceeding the amount over which court could take jurisdiction, he might amend his petition by abandoning in its entirety the claim for rental value in order to bring the cause of action within the jurisdiction of the court, since plaintiff may amend cause of action by abandoning severable item to reduce claim to amount within court's jurisdiction.

4. **Appeal and error** ⬅494—**Error in reinstating dismissed cause might not be reviewed where transcript did not contain order dismissing case or reinstating it; a bill of exceptions being insufficient.**

Appellate court might not review trial court's alleged error in reinstating a cause without notice after it had been voluntarily dismissed by plaintiff, where the transcript did not contain an order dismissing the case or an order reinstating it; a bill of exceptions being insufficient for this purpose.

5. **Dismissal and nonsuit** ⬅81(3)—**During term at which case was dismissed, court could reinstate it.**

During continuance of term of court at which case was voluntarily dismissed by plaintiff and order of dismissal entered, trial court had power to reinstate the cause, since courts have power to set aside or amend judgments or decrees at any time during the term at which they are rendered.

Appeal from Dallas County Court; William M. Cramer, Judge.

Suit by the Trinity Gravel Company against S. A. Williams. From a judgment for plaintiff, defendant appeals. Affirmed.

W. B. Harrell and Geo. Sergeant, both of Dallas, for appellant.
W. N. Coombs and W. A. Hudson, both of Dallas, for appellee.

HICKMAN, J. Appellee instituted suit in the county court against appellant for the title and possession of a drag line bucket of the alleged value of $750, and for the rental value thereof, alleged to be $5 per day during the period of its detention. This period of time was from November 1, 1920, to March 18, 1921, the date the suit was filed. It will be seen that the amount in controversy exceeded $1,000, and that the county court had no jurisdiction of the cause as originally filed. Motion of the appellant to dismiss the cause for want of jurisdiction was sustained, and

by leave of the court appellee filed an amended petition alleging the value of the bucket at $750, but in the amended petition no allegation or prayer was made for damages for detention. Judgment was rendered in favor of appellee for $750. From this judgment the appellant has perfected an appeal, urging two propositions of law based upon four assignments of error as grounds for reversal.

[1] The first proposition challenges the right of the appellee to amend its petition in the lower court so as to bring its cause of action within the court's jurisdiction. It is well established that a plaintiff bringing a suit in a court of limited jurisdiction may amend his cause of action by abandoning in its entirety any severable item thereof which will reduce his claim to an amount within the jurisdiction of such court. Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 824; Burke v. Adoue, 3 Tex. Civ. App. 494, 23 S. W. 91; Peeples v. Slayden-Kirksey Woolen Mills (Tex. Civ. App.) 90 S. W. 61; Fort Worth & Rio Grande Ry. Co. v. Mathews, 108 Tex. 228, 191 S. W. 559; Wm. Cameron Co. v. Santikos (Tex. Civ. App.) 195 S. W. 984; Hooper Lumber Co. v. Texas Fixture Co., 111 Tex. 168, 230 S. W. 141; Watson v. Mirike, 25 Tex. Civ. App. 527, 61 S. W. 538; Hufstutler v. Gulf, C. & S. F. Ry. Co. (Tex. Civ. App.) 216 S. W. 495; Greer v. Richardson Drug Co., 1 Tex. Civ. App. 634, 20 S. W. 1127.

[2, 3] It is equally well established that a plaintiff cannot amend his petition so as to confer jurisdiction by waiving a portion of any severable item sued on, or by arbitrarily reducing the value of property or services which are the subject-matter of the suit. The authorities relied upon by appellant (Glasscock et al. v. Sinks [Tex. Civ. App.] 185 S. W. 405, and Taylor v. Buzan [Tex. Civ. App.] 241 S. W. 1084) illustrate this rule. In this case the item originally declared on as damages for detention of the bucket was clearly a severable item from the value of the bucket, and the appellee by abandoning this entire item brought its case within the jurisdiction of the county court. The two opinions in the case of Burke v. Adoue, supra, clearly discuss the reasons for the rule, and no further discussion by this court could add thereto.

[4, 5] The second proposition is that the appellee having voluntarily dismissed his cause of action, the court had no authority to reinstate same without notice to appellant. This proposition raises no question which can be considered by this court, because there is no order shown in the record dismissing this case from the docket and reinstating same. There is a bill of exceptions in the record which shows that when this case was called for trial the appellant objected to the appellee's introducing any testimony in support of its cause of action, because the docket of the court showed that on April 6, 1923, appellee voluntarily dismissed its case. The bill further shows that thereupon the court examined the docket and found that on April 13, 1923, on application of appellee, said order of dismissal was set aside and the cause reinstated during the term the dismissal was had. The appellant contends that this bill of exceptions shows error. There are two reasons why no error is shown. In the first place, the record does not show that any judgment dismissing the case was ever entered in the trial court; and, in the second place, the bill of exceptions shows that the case was reinstated during the same term of court at which the order of dismissal was made. This court cannot consider an assignment based upon an erroneous judgment or order of the trial court, unless such judgment or order is set out in the transcript. It cannot be brought here by a bill of exceptions.

It is also elementary that courts have the power to set aside or amend their judgments or decrees at any time during the term at which same are rendered. For these reasons the second proposition is overruled. Cow Bayou Canal Co. v. Orange County (Tex. Civ. App.) 158 S. W. 173; Gulf, C. & S. F. Ry. Co. v. Carter (Tex. Civ. App.) 25 S. W. 1023; Massie v. State Nat. Bank, 11 Tex. Civ. App. 280, 32 S. W. 797; Kinney v. Tri-State Tel. Co. (Tex. Com. App.) 222 S. W. 227; Martin v. Daniel (Tex. Civ. App.) 265 S. W. 409; Missouri Pacific Ry. Co. v. Houston Flour Mills Co., 2 Willson, Civ. Cas. Ct. App. § 571; Jecker v. Phytides, 27 Tex. Civ. App. 410, 65 S. W. 1129.

The judgment of the trial court will be affirmed.