**BURLESON et al. v. MOFFETT.    (No. 315.)**

Court of Civil Appeals of Texas. Eastland. Feb. 24, 1928.

**1. Judgment ⬤⇒397—Notation made by trial judge on docket did not have effect of setting aside judgment sustaining pleas of privilege.**

Notations on trial docket, "Feby 21, '25 Plea of Privilege Sustained of all defendants, cause transferred to the 77th District Court of Limestone County Texas 3/398 Feby 23/25 above order set aside without prejudice and passed," did not have effect of setting aside judgment sustaining pleas of privilege.

**2. Appeal and error ⬤⇒516—Entries by trial judge on docket formed no part of record, have no proper place in transcript, and cannot be considered by appellate court.**

Entries made by trial judge in his docket formed no part of record and have no place in transcript, and cannot be considered by appellate court.

**3. Pleading ⬤⇒111—Where final order sustaining pleas of privilege was entered at February term, court could not enter order overruling pleas at later term.**

Where final order sustaining pleas of privilege was entered at February term, which had never been set aside, court had no jurisdiction to enter an order overruling pleas of privilege at later term.

**4. Judgment ⬤⇒518—Appellate court could not in collateral proceeding go behind judgment sustaining pleas of privilege to determine whether defendants waived pleas of privilege.**

Where court entered final order sustaining pleas of privilege at February term, and at later term overruled pleas of privilege and defendants brought error, appellate court could not consider question whether defendants waived their pleas of privilege, since to do so would be to go behind judgment sustaining pleas of privilege in collateral proceeding.

Error from District Court, Dallas County; Royal R. Watkins, Judge.

Action by J. G. Moffett against Oliver Burleson and others. Defendants filed pleas of privilege, which were sustained, and at following term of court pleas of privilege were overruled, and defendants bring error. Reversed and remanded, with instructions.

W. H. Flippen and Jno. T. Gano, both of Dallas, and H. B. Daviss, of Corsicana, for plaintiffs in error.

John G. Wilson, of Dallas, for defendant in error.

HICKMAN, C. J. The appeal is from an order overruling the pleas of privilege of plaintiffs in error to be sued in the county of their residence. The record discloses that on the 21st day of February, 1925, a formal judgment was entered in the minutes of the court sustaining these pleas of privilege and transferring the cause to the district court of Limestone county for trial on its merits. The record further discloses that on February 28, 1925, an order was entered closing the minutes of that term of court. At the next term of court, and on March 14, 1925, the defendant in error filed his controverting plea to the pleas of privilege which had theretofore been sustained. On the same day the controverting plea was sustained and the pleas of privilege overruled. This judgment of March 14th is the one under review.

The transcript contains no order setting aside the judgment of February 21, 1925, sustaining the pleas of privilege. A supplemental transcript has been filed by defendant in error by leave of the court, which supplemental transcript contains a certificate from the district clerk to a page of the court's trial docket. On this trial docket are the following notations, among others:

"Feby 21, '25 Plea of Privilege Sustained of all defendants, cause transferred to the 77th District Court of Limestone County Texas 3/398 Feby 23/25 above order set aside without prejudice and passed."

[1, 2] The only question before us for decision is whether the above notation had the effect of setting aside the judgment of February 21st, sustaining the pleas of privilege. Our conclusion is that it did not. The entries made by a trial judge on his docket form no part of the record. They have no proper place in the transcript, and cannot be considered by us. Stark v. Miller, 63 Tex. 164; Swearingen v. Wilson, 2 Tex. Civ. App. 157, 21 S. W. 74; Gulf, C. & S. F. Ry. Co. v. Carter (Tex. Civ. App.) 25 S. W. 1023; Massie et al. v. State National Bank of Vernon, 11 Tex. Civ. App. 280, 32 S. W. 797; Cow Bayou Canal Co. v. Orange County (Tex. Civ. App.) 158 S. W. 173; Noblett v. Olive (Tex. Civ. App.) 259 S. W. 305.

[3] Since a final order sustaining the pleas of privilege was entered at the February term, which has never been set aside, it is elementary that the court had no jurisdiction to enter an order overruling the pleas of privilege at a later term. There was nothing before the court when its judgment of March 14, 1925, was entered.

[4] It is insisted that plaintiffs in error waived their pleas of privilege. We cannot consider this question, because to do so would be to go behind the judgment of February

21st in a collateral proceeding. This we have not the power to do.

The judgment of the trial court will be reversed and the cause remanded, with instructions to transfer the cause for trial on its merits to the district court of Limestone county, in accordance with the order of February 21, 1925.

Reversed and remanded, with instructions.