DE LA MORINIERE et al. v. SAM.
(No. 1669.)

Court of Civil Appeals of Texas. Beaumont. March 17, 1928.

Rehearing Denied March 28, 1928. Second Motion for Rehearing Denied April 21, 1928.

On the Merits May 31, 1928.

1. **Appeal and error** ☞494—Court's action in sustaining demurrer and dismissing case is not reviewable where record shows transcript of docket entries but no final judgment.

Assignments relative to sustaining of demurrer and dismissal of case raised no question for review where there was no order or judgment shown in record either sustaining demurrer or dismissing case, though there was under heading "judgment of dismissal" transcript of docket entries of trial court's docket to that effect, since notes of judge's trial docket constituted no part of record on appeal.

2. **Appeal and error** ☞494—Copy in transcript of docket entries showing judgment was entered and that entries are recorded in minutes held not "copy of judgment" (Rev. St. 1925, art. 2281).

Copy in transcript of docket entries of trial judge, which shows that judgment was entered, and states that such entries are recorded in minutes of court, held not "copy of judgment," within Rev. St. 1925, art. 2281, requiring that transcript must contain copy of final judgment from which appeal is taken.

On the Merits.

3. **Money received** ☞17(1)—Petition held not to state cause of action for rents collected by defendant for another than plaintiffs.

Petition in action for rents collected by defendant held not to state cause of action, in absence of showing of how plaintiffs became owners of property, or what right they had to demand rent, in collecting which defendant did not claim to act as their agent, but insisted that they were not owners of property and that he represented the true owner.

4. **Money received** ☞9—Owners cannot recover rents from one collecting them for another; their remedy being against tenants.

Plaintiffs could not recover rents from one collecting them for another, even if they were real owners of premises, as payment thereof to defendant did not discharge tenants' obligation to pay plaintiffs, who had their remedy against tenants for rents due, but not against defendant for money had and received, though tenants could have pleaded over against him.

**5. Subrogation ⊕➞1—Defendant not having represented himself as plaintiffs' agent in collecting rents sued for, plaintiffs were not subrogated to tenants' right of recovery against him.**

Defendant not having represented himself as acting for plaintiffs in collecting rents sued for, they were not subrogated to any right of recovery that tenants had against him for demanding and receiving rents.

**6. Torts ⊕➞11—Plaintiffs, not entitled to recover rents collected by defendant, could not recover damages for unlawful collection thereof.**

Plaintiffs, not entitled to recover for money had and received from one collecting rents for another on property claimed by plaintiffs, could not recover damages for unlawful collection of such rents.

Error from Harris County Court; Ben F. Wilson, Judge.

Action by J. C. De La Moriniere and others against Jake H. Sam. The court sustained a general demurrer and dismissed the case and plaintiffs bring error. Affirmed.

A. F. Sundermeyer, of Houston, for plaintiffs in error.

Edward H. Bailey, of Houston, for defendant in error.

O'QUINN, J. [1] Plaintiffs in error brought this suit against defendant in error in the county court at law of Harris county, Tex., to recover for rents alleged to have been collected by defendant in error on property claimed by plaintiffs in error and for special damages alleged to have been caused by defendant in error interfering with tenants occupying said property. Defendant in error answered by general demurrer and general denial. The court sustained the general demurrer, and, plaintiffs in error refusing to plead further, the case was dismissed. This writ was prosecuted from this action of the court.

Plaintiffs in error present four assignments of error, all pointing to the action of the court in sustaining defendant in error's general demurrer and dismissing the case. These assignments raise no question that can be considered by this court, because there is no order or judgment of the court shown in the record either sustaining the general demurrer or dismissing the case. There is in the record, under the heading "judgment of dismissal," a transcript of the docket entries of the trial court's docket to that effect, but alleged error in the ruling of the trial court will not be considered on appeal where the record contains nothing to show that such ruling was in fact made other than a transcript of the notes on the judge's trial docket. They constitute no part of the record on appeal and cannot properly be considered as

such. Swearingen v. Wilson, 2 Tex. Civ. App. 157, 21 S. W. 74; Massie v. State Nat. Bank, 11 Tex. Civ. App. 280, 32 S. W. 797; Stark v. Miller, 63 Tex. 164; Cow Bayou Canal Co. v. Orange County (Tex. Civ. App.) 158 S. W. 173; Noblett v. Olive (Tex. Civ. App.) 259 S. W. 305; Williams v. Trinity Gravel Co. (Tex. Civ. App.) 297 S. W. 878.

No final judgment of the trial court being shown, the appeal should be dismissed, and it is so ordered.

Dismissed.

### On Second Motion for Rehearing.

Plaintiffs in error have filed their second motion for a rehearing, and insist that our dismissal of the case heretofore, because the record did not contain any judgment showing that the trial court had sustained a general demurrer to the petition of plaintiffs in error, and dismissed their suit, was error. In our former opinion we said:

"There is in the record, under the heading 'Judgment of Dismissal,' a transcript of the docket entries of the trial court's docket to that effect, but alleged error in the ruling of the trial court will not be considered on appeal, where the record contains nothing to show that such ruling was in fact made, other than a transcript of the notes on the trial docket."

Plaintiffs in error in this motion say:

"They cannot believe that this court would deliberately ignore the clear and positive statement in the transcript that the judgment of dismissal was recorded in Volume U, page 20, Civil Minutes, and arbitrarily say that the transcript does not show a final judgment."

[2] We thank counsel for acquitting us of having deliberately ignored the record, and from having arbitrarily declared this court without jurisdiction for want of a final judgment in the record. Ignoring the record, and arbitrarily holding that the transcript contained no final judgment of the trial court, was the farthest from our intention in the matter. The transcript contains, at page 11, the following:

"No. 21832. J. C. De La Moriniere, Jr., v. Jake H. Sam et al. Sept. 21, 1926. Defendant's demurrer sustained as to plaintiff's third amended petition sustained.

"Sept. 21, 1926. Dismissed on plaintiffs' refusal to plead further.

"Docket entry and recorded Vol. U, page 20, Civil Minutes."

This is the matter to which plaintiffs in error refer as the "clear and positive statement in the transcript that the judgment of dismissal was recorded in Volume U, page 20, Civil Minutes." This is but a transcript of the trial court's docket entries, which, it has repeatedly been held, does not constitute any part of the record on appeal, and cannot be properly considered as such. See authorities

in original opinion. The mere statement that the docket entry was recorded in Volume U, page 20, Civil Minutes, and its being copied into the transcript, is not that final judgment recorded in the minutes of the court that is required. The law requires that the *"judgment"* from which a litigant appeals, and of which he complains, must appear in the transcript. Article 2281, Revised Civil Statutes, 1925, requires that the transcript must contain *"a copy of the final judgment,"* from which the appeal is taken. A copy of the docket entries of the trial judge, even though they show that a judgment was entered, and state that said entries are recorded in the minutes of the court, is not a *copy* of the actual *judgment* entered, and cannot take the place of same in a transcript on appeal.

The motion is overruled.

### On the Merits.

Plaintiffs in error having perfected the record by showing a judgment entered nunc pro tunc, and same being certified to this court, by agreement of the parties and by order of this court, it is made a part of the record, and the motion to reinstate the cause on the docket is granted, and we now consider same on its merits.

There is no statement of facts, the general demurrer to plaintiffs in error's petition having been sustained. We state the following as shown by the allegations of plaintiffs in error's petition:

About May 25, 1920, one Floyd G. Troup executed his promissory note in the sum of $6,068, payable to W. L. Edmundson in monthly installments of $60 in payment for a duplex apartment house in the Edmundson addition to the city of Houston, Tex. The monthly payments made on said note had on or about March 14, 1924, reduced said note to the sum of $5,726.29. Said note retained the vendor's lien on said property, and provided that failure to pay any of said installments, when due, should, at the option of the holder of said note, mature all of said note, and authorized the foreclosure of said vendor's lien on said property. On October 17, 1924, Edmundson exercised said right, declared said note due, filed suit against the maker, Floyd Troup, obtained judgment for the amount of the note, interest, and attorney's fees, and for foreclosure of said lien against plaintiffs in error, and the premises were sold and bought in by Edmundson for less than the amount of the judgment.

Although plaintiffs in error alleged that they were in 1924 the owners of the premises described in their petition, it is in no way made to appear how they became so, nor what right, if any, they had to demand the rent for same. Defendant in error, Sam, plaintiffs alleged, at all times denied that they were the owners of said property, and asserted that he was the agent of the real owner, and thus in no way acted as their agent, for they alleged that he unlawfully demanded and collected from the tenants on said premises rent and refused to account to them for same. This suit was brought against defendant in error, Sam, for the rents so collected by him, and for damages resulting from said alleged unlawful collecting of said rents, and the alleged unwarranted interference with their tenants on said property.

[3-5] We think the judgment should be affirmed. Plaintiffs in error's petition did not show a cause of action against defendant in error. He was not acting as their agent in collecting the rents, did not claim to so act, but, to the contrary, insisted at all times that plaintiffs in error were not the owners of the property in question, and had no right to collect the rents thereof, but that he represented the true owner of said property, and had the authority of such owner to collect the rents. If, in fact, plaintiffs in error were the real owners of said premises, them the payment of the rents to defendant in error, Sam, did not discharge the tenants' obligation to pay to plaintiffs in error, and plaintiffs in error had their remedy against said tenants for the rents due; but not against defendant in error for money had and received, although said tenants could have pleaded over against him. Defendant in error not having represented himself as acting for plaintiffs in error, they were not subrogated to any right of recovery that the tenants had, if any, against him for demanding and receiving the rents sued for by plaintiffs in error.

[6] Moreover, if defendant in error's general demurrer was well taken as to plaintiffs in error's petition for the money collected by him as rents, then it was also good against their claim for damages, for in that, if plaintiffs in error, under the pleadings, were not entitled to recover of defendant in error on their claim for money had and received, then they were not entitled to recover for damages growing out of the same transaction.

The judgment is affirmed.