## SMITH v. WATSON.
### No. 923.

Court of Civil Appeals of Texas. Eastland.

Dec. 11, 1931.

J. S. Kendall, of Munday, for plaintiff in error.

R. W. Haynie, of Abilene, and L. W. Sandusky and R. H. Ratliff, both of Colorado, Tex., for defendant in error.

LESLIE, J.

M. L. Watson, a resident of Mitchell county, filed this suit in the district court of that county August 15, 1930, against A. A. Smith, a resident of Knox county. It was to recover $5,000 liquidated damages alleged to have accrued to Watson by reason of Smith's breach of a written contract for the sale (to Watson) of land situated in Knox county,

Tex. Citation issued, returnable to the October term of the district court, which convened October 20, 1930, and adjourned November 8, 1930.

October 14, 1930, the defendant Smith filed a plea of privilege to be sued in Knox, the county of his residence. The plaintiff Watson filed a controverting affidavit October 21, 1930. The trial court took cognizance of the plea and controverting affidavit, noted .a time, November 6, 1930, for a hearing on the plea of privilege. A copy of the controverting plea and the notation of the time set were served on defendant October 22, 1930.

The plea of privilege was not tried on the day set, November 6th, nor at that term, which expired November 8th. It was carried forward with the main cause to the next term of court, which convened February 23, 1931. Why and how it came to be carried forward we cannot judicially know, unless this court may look to certain notations made by the trial judge on the appearance docket and incorporated by the clerk in the transcript of this appeal. These notations are:

"M. L. Watson vs. A. A. Smith, No. 52004.

"In the District Court of Mitchell County, Texas. October Term, A. D., 1930.

"Orders on the Appearance Docket.

"October Term 1930 Continued to next Term without prejudice to either party.

"Plea of Privilege set for hearing March 25th, 10 o'clock.

"Plea of Privilege overruled and cause set for trial.

"Chas. C. Thompson,
"2/5/31  Judge Presiding.

"Judgment for plaintiff per decree on file.

"Chas. C. Thompson,
"3/9/31  Judge Presiding."

■ These notations were for the convenience of the court, as well as to enable the clerk to transcribe and fully record the orders in the minutes of the court. Stark v. Miller, 63 Tex. 164. None of these orders except the last was entered in the minutes of the court, and it has often been held that such docket notations constitute no part of the transcript on appeal, and cannot properly be considered a part thereof. Burleson v. Moffett (Tex. Civ. App.) 3 S.W.(2d) 544; Hudgins v. T. B. Meeks Co., Inc. (Tex. Civ. App.) 1 S.W.(2d) 681; Beasley et al. v. Duplex Truck Co. (Tex. Civ. App.) 30 S.W.(2d) 404; Williams v. Land (Tex. Civ. App.) 300 S. W. 990; De La Moriniere v. Sam (Tex. Civ. App.) 8 S.W.(2d) 312; Ex parte Rains, 113 Tex. 428, 257 S. W. 217.

■ Judgments and orders must be incorporated in the minutes of the trial court, and, as such, brought up in the transcript. The mere notations of the same cannot be taken or considered as orders or judgments of the trial court. For numerous authorities to this

effect, see 3 Tex. Jur., p. 103, § 51; p. 413, 295; p. 419, § 299.

Being required to disregard these notations for any purpose, the appeal must be disposed of on what otherwise appears in the transcript. The record discloses that at the following term of court, which convened February 23, 1931, a special judge, on March 9th of said term, tried the cause on its merits and rendered the judgment from which this writ of error is now prosecuted. This judgment in no way attempts to dispose of the plea of privilege or the issues raised by the controverting affidavit. It recites that, although the defendant appeared in person and by attorney at a previous term of the court, he wholly failed to appear on this day, etc.; whereupon a trial was had upon the merits, and judgment rendered in favor of the plaintiff for the amount sued for.

■ By various assignments and propositions, the defendant, plaintiff in error, contends that the court erred in entering the judgment on the merits. The controlling propositions present, in substance, but a single question, and that is that the court had no legal authority to render any judgment upon the merits of the case until it had finally disposed of the plea of privilege. No case on the point is cited to us, but the proposition seems to be elementary, especially in view of the law in general, which governs the disposition of pleas of privilege. It is provided (article 2008, R. S. 1925) that either party may appeal from a judgment sustaining or overruling a plea of privilege. Hence, to deny one a hearing upon the issues arising out of a plea of privilege and the controverting affidavit prior to or at the time of the trial of the main case on the merits would be to defeat the whole purpose and intention of the plea of privilege law, which safeguards the valuable right of a defendant to be sued in the county of his residence. When the plea of privilege in due form is filed, this deprives the court of any authority to enter any other order in the case except to transfer the same to the county of proper venue, unless the controverting affidavit is filed. Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087; Craig v. Pittman & Harrison Co. (Tex. Com. App.) 250 S. W. 667; Davis v. Southland Cotton Oil Co. (Tex. Civ. App.) 259 S. W. 298.

■■ When a controverting affidavit setting up exceptions to the general venue statutes is filed, this restores the authority of the trial court to hear and determine the issues presented, and the controverting affidavit presents real issues which must be tried and disposed of, either prior to or at the time of the disposition of the main cause, unless the same is waived. There is nothing in this record which tends in the slightest to show that the defendant, plaintiff in error, either expressly or impliedly waived his right to have

the issues presented by the controverting plea determined on their merits. In that situation, the trial court erred in passing over the plea of privilege and entering judgment upon the issues of the main case. At least this record shows no other character of case. The propositions under consideration are sustained.

■ The defendant presents other assignments and propositions to the effect that when a plea of privilege is filed the court can enter no other judgment than to transfer the cause to the residence of the defendant, unless the plaintiff both alleges and proves an exception to the rule requiring suits to be tried in the county of the defendant's domicile, and the question is raised that the controverting affidavit failed to allege facts constituting an exception to the general venue law. As noted, this writ of error is prosecuted from the judgment on the merits of the main case and it is not an appeal from the court's judgment on the plea of privilege. Hence the question here under consideration is not properly before us. However, in view of the fact that a judgment may possibly have been rendered on the plea of privilege, and that a nunc pro tunc judgment from which an appeal would lie (Bassett v. Mills, 89 Tex. 162, 34 S. W. 93; 3 Tex. Jur., p. 277, § 182) might be entered, and since the correctness of such judgment could and doubtless would be challenged on the grounds stated in these propositions, that neither the controverting affidavit nor the proof disclosed that the defendant had entered into any contract in writing to perform any obligation in Mitchell county, we make the following observations upon the merits of that provision of the contract relied upon for fixing venue in Mitchell county. The plaintiff and defendant appear to have entered into a contract for the exchange of lands; Watson's land being situated in Mitchell county, and Smith's land in Knox county. One provision of the contract is as follows: "It is further understood that if said first party, (Smith) shall breach this contract, then the venue of this contract shall be in Mitchell County, Texas, and in case the second party, (Watson) shall breach this contract, the venue shall be in Knox County, Texas."

Evidently this is an attempt to fix venue by a contract. That cannot legally be done, as the law provides exclusive regulations in such matters. International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S. W. 630, 631; La Salle County Water Imp. Dist. v. Arlitt (Tex. Civ. App.) 297 S. W. 344; General Motors Acceptance Corp. v. Christian (Tex. Civ. App.) 11 S.W.(2d) 620.

In the case first cited, it is said: "The rules to determine in what courts and counties actions may be brought are fixed, upon considerations of general convenience and expediency, by general law; to allow them to be changed by the agreement of parties would disturb the symmetry of the law, and interfere with such convenience."

Certainly venue is not the subject of contract, and the parties cannot fix it by agreement.

The efficacy of the above provision of the contract relied upon to establish the exception to the general venue rule must be tested by the principles announced in the foregoing authorities. They exclude the idea that the contract containing that provision comes within exception 5 to the venue law. This is said in the interest of economy in time and expense in bringing the question before this court on a possible appeal from the judgment entered nunc pro tunc.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.