

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00187-CV

ADRIAN GILLIARD,

Appellant

 v.

COURTNEY LUMME, DFPS INVESTIGATOR,
JEAN LONG, DFPS SUPERVISOR,
KEITH DOWNS, DFPS ATTORNEY,
LESLIE WALLRATH, ATTORNEY AD LITEM,
CHRISTINA FULLER, LESLIE SIMS,
CHRIS SKINNER, BRANDY BAKER,
CEANNE SPENCE, & CHRISTI GATLIN,

Appellees

From the 87th District Court
Freestone County, Texas
Trial Court No. CV-18-346-B

## MEMORANDUM OPINION

This appeal was initiated by Adrian Gilliard on July 30, 2021.

According to the motion attached to his notice of appeal, a judgment was rendered against Gilliard on September 4, 2019. Based on other allegations, the underlying case appears to be a termination of parental rights proceeding filed in 2018. It appears that

Gilliard, sometime in June of 2021, attempted to file a document with the district clerk.[1] The motion he tried to file, which is attached to his notice of appeal, is titled "Texas Motion to Set Aside Judgment and Notice of Hearing." In the motion, Gilliard states:

> I am filing this motion, more than 30 days after the judgment was signed by the Court and: I, and it has been more than 365 days since the date the judgment was signed by the court. Less than 365 days since Mandate issued.

In the notice of appeal, Gilliard asserted:

> Now comes the [PLAINTIFF,Adrian,Gilliard and hereby gives notice that he is appealing the Vacate/Set aside judgement due to fraud decision entered by said court on the 06 of June, 2021 to the TenthDistrict Court of Appeals.

The allegations in the notice of appeal and attached motion caused this Court to question its jurisdiction.

By letter dated August 5, 2021, the Clerk of this Court notified Gilliard that the appeal was subject to dismissal because it appeared to the Court that no final, appealable judgment or order had been signed by the trial court. *See* TEX. R. APP. P. 26.1. In the same letter, the Clerk warned Gilliard that the appeal would be dismissed if a response showing grounds for continuing the appeal was not filed with the Court within 14 days from the date of the letter.

Gilliard timely responded.

In the response, Gilliard seems to be complaining that the trial court wrote on the docket sheet, and we presume on the docket sheet for the case referenced in the motion to set aside the judgment, that the court was going to take "no action" on the motion. It

---

[1] The allegations in the motion are difficult to decipher, but we have endeavored to read them in such a way as to give this Court jurisdiction if possible.

appears that the trial court made this entry on a date prior to July 9, 2021, when Gilliard alleges he went to the courthouse. According to Gilliard's response, the trial court wrote the refusal on the docket sheet on "June 31, 2021." Nevertheless, what is clear from the notice of appeal, and the motion attached to it, and the response filed by Gilliard to the notice in which this Court questioned its jurisdiction, there is no final appealable order rendered/signed in this proceeding of which this Court would have jurisdiction.

Because the "order" complained of is a docket entry, there is no final order to be appealed. *See*. 26.1 (a); *see also Stark v. Miller*, 63 Tex. 164 (1885) (entries made by a trial judge on his docket form no part of the record). Further, even if an order had been signed, it would not be appealable. Appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Gilliard does not direct us to caselaw or statutory authority that would permit us to review a "no action" order on a motion to set aside.

Accordingly, this appeal is dismissed. *See* TEX. R. APP. P. 42.3(a).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Wright[2]
Appeal dismissed
Opinion delivered and filed August 25, 2021
[CVO6]



---

[2] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.