[No. 13113.   In Bank. — July 30, 1890.]

IN THE MATTER OF THE ESTATE OF GEORGE H. BELL, AN INSOLVENT.

LANDLORD AND TENANT — ABANDONMENT AND REPUDIATION OF LEASE — CLAIM FOR DAMAGES AGAINST ESTATE OF INSOLVENT LESSEE. — The fact that a lessee has abandoned the leased premises and repudiated the lease without lawful excuse, and without the consent of the lessor, prior to an adjudication of insolvency of the lessee, does not render a claim for unliquidated damages for repudiation of the lease, beyond the rent of the premises up to the time of the insolvency, provable as a debt against the estate of the insolvent.

ID. — EFFECT OF ABANDONMENT — LEASE NOT DISCHARGED — RELETTING OF PREMISES. — The abandonment of leased premises and a declaration of intention by the lessee not to pay any more rent, without lawful cause, and without the consent, express or implied, of the lessor, does not change the relation of lessor and lessee, nor discharge the lessee from the obligation of his covenant to pay rent, nor add anything to the ordinary remedies for breach of the covenants of the lease, although the lessor may relet the premises for the benefit of the original tenant.

APPEAL from an order of the Superior Court of San Diego County rejecting in part a claim against an insolvent's estate.

The facts are stated in the opinion.

*J. E. Deakin*, for Appellant.

*Hendrick & Younkin*, for Respondent.

VANCLIEF, C. — This is an appeal from an order rejecting in part the claim of T. J. E. Scoones against the estate of the insolvent, under the following circumstances: —

Scoones executed to Bell a lease of a certain room in San Diego for the term of twenty-seven months, from January 15, 1888, at the monthly rent of $225, payable monthly, in advance, on the fifteenth day of each month during the term, the lessee covenanting to pay the rent and to quit and surrender possession at the expiration of the term, or any sooner determination of the lease, and

also, that, in case of default in payment of rent for five days, the lessor, at his option, may re-enter and terminate the lease.

Bell entered into possession under the lease, and paid the rent until July 15, 1888; but on July 29, 1888, he left and vacated the premises, declaring his intention to abandon the premises, and to repudiate the lease, and to pay no further rent. Upon the vacation of the premises by Bell, the lessor — Scoones — re-entered and endeavored to relet the premises without delay, for the residue of the term, for the benefit of Bell; "but in so doing did not in any way release or discharge the said Bell or his estate from any liability under the covenants of said lease."

Scoones did not relet the premises, however, but states in his affidavit that they are now of no greater rental value than $75 per month, and that he will not be able to let the same during the remainder of the term for more than $75 per month, "whereby he is damaged in the sum of $3,675."

His claims, which he asks the court to allow against the estate of the insolvent, are $112.50 for rent due under the lease from July 15 until August 1, 1888, and $3,675 for "damages sustained by him, by reason of the said insolvent's repudiation of the said lease and breach of covenants of the same."

The court allowed the claims of $112.50 for rent, but rejected the claim of $3,675 for damages. In this I think the court did right.

Section 37 of the Insolvent Act of 1880 provides: "All debts due and payable from the debtor at the time of the adjudication of insolvency, and all debts then existing, but not payable until a future time, a rebate of interest being made when no interest is payable by the terms of the contract, may be proved against the estate of the debtor."

Section 42 of the same act is as follows: "Where the

debtor is liable to pay rent, or other debt falling due at fixed and stated periods, the creditor may prove for a proportionate part thereof up to the time of the insolvency, as if the same became due from day to day, and not at such fixed and stated periods."

These are the only sections of the act having any direct bearing on the question under consideration.

It is admitted by counsel for appellant that if Bell had not abandoned the lease and vacated the premises before the adjudication of his insolvency, Scoones could not have been allowed to prove, as a debt against the insolvent's estate, anything more than the proportionate part of the rent up to the adjudication of insolvency, as provided in section 42 of the Insolvent Act, which amounted to $112.50, and which was allowed by the court; but counsel insists that the lessor's claim of $3,675 is not for rent due *or to become due*, under the terms of the lease, but that it is for unliquidated damages for a breach of covenants of the lease before the adjudication of insolvency, the obligation to pay which was mature *before* the adjudication of insolvency, and therefore that the claim was provable as a "debt due," in the sense of section 37 of the Insolvent Act.

This attempted distinction cannot be maintained. The lessee was not discharged from the obligation of his covenant to pay rent by an abandonment of the lease without lawful cause or consent of the lessor; and it appears that there was no justifiable cause for the abandonment, and that the lessor did not consent thereto, or " in any way release or discharge the said Bell or his estate from any liability under the covenant of said lease." Therefore the lease still subsisted in full force, though no rent had been paid for the month commencing July 15, 1888. For this default in payment of rent the lessor was only entitled to the ordinary remedies on the covenants of the lease. The abandonment of the premises and declaration of intention not to pay any more rent

by the lessee without the consent, express or implied, of the lessor, did not change the relation of lessor and lessee, nor add anything to the ordinary remedies for breach of the covenants of the lease; although in such case the lessor might have relet the premises for the benefit of the original tenant. (See cases cited to sections 128 and 176 of Gear's Landlord and Tenant.)

The record discloses nothing to relieve this case from the full operation and effect of section 42 of the Insolvent Act, with which the court strictly complied by allowing the claim for rent up to the time of the insolvency.

I think the order should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.

Rehearing denied.