## D. M. WATKINS & CO. *vs.* FOREST GREENE.

### PROVIDENCE—APRIL 4, 1900.

·PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Injunction. Construction of Leases.' Customs.*

The word "appurtenances," in the *habendum* of a lease for years of a building to be used for the purpose of manufacturing jewelry, cannot be construed to include the furnishing of steam and forced air for the use of the lessees.

(2) *Varying Written Lease by proof of Custom.*

Where parties to a lease have embodied their agreements in a formal instrument, the existence of a custom cannot be shown to explain its terms. To permit this would be to add to the terms of the written instrument by parol.

BILL IN EQUITY seeking a mandatory injunction. The complainants, tenants of the respondent, alleged that the premises were leased to them by indenture for the purposes of their business as manufacturing jewelers. That there was an established custom in the community, as to buildings

leased for such purpose, that steam to be used in the sink employed to wash metals and a current of forced air for the furnace were to be furnished by the landlord as a necessary and customary appurtenance of the leased premises, whether or not specially mentioned in the lease other than under the general term "appurtenances;" the appliances for furnishing the same being by said custom a part of the building and power plant. The bill alleged that the building at the commencement of the term was equipped by the complainants with all the necessary appliances necessary for the supplying of the steam and air, and that at the commencement of the term such steam and air were supplied by the respondent, but that the respondent had shut off the steam and threatened to deprive the complainants of the current of air.

The clause relied upon by the complainants in the lease is as follows :  "To have and to hold the same with the appurtenances unto," etc.

Heard on demurrer to bill.  Demurrer sustained.

(1)  PER CURIAM.  We do not think that the word "appurtenances" can be construed to include the furnishing of steam and forced air for the use of the complainants as lessees of the premises described in the bill.

(2)  We do not think the complainants are entitled to show the existence of the alleged custom to substantiate their claim that the furnishing of steam and forced air passed under the lease as appurtenances.  To permit this would be to add to the terms of the written instrument by parol, and we are of the opinion that when parties have embodied their agreements in formal instruments their security forbids the introduction of parol evidence to add to such instruments.  *Gage Mfg. Co.* v. *Woodward*, 17 R. I. 464, 471 ; *Myron* v. *Union R. R. Co.*, 19 R. I. 125.

Demurrer sustained.

*Huddy & Easton*, for complainants.

*Comstock & Gardner*, for respondent.