[Civ. No. 5968. First Appellate District, Division Two.—November 9, 1927.]

FRANK R. SYRETT, Appellant, v. J. C. STRICKLAND et al., Respondents.

Fred C. Bigby and Bigby & Myers for Appellant.

A. J. Getz for Respondents.

KING, P. J., *pro tem.*—This is an appeal by plaintiff from:

1. A judgment sustaining a demurrer to plaintiff's amended complaint without leave to amend and dismissing the action.

2. An order of the court, made as a special order after final judgment, vacating an order of arrest of the defendant J. C. Strickland.

3. An order of the court dissolving an attachment.

The amended complaint states that plaintiff and defendant entered into an agreement in writing whereby plaintiff leased to defendants certain premises under which defendants entered into possession. The lease is set out in full. That plaintiff made expensive alterations to the property which were suited to the purposes of the lease, but otherwise valueless.

That prior to its termination defendants repudiated and abandoned the lease and premises, declaring they would not be bound by the lease; and that they would not pay the unpaid balance to become due nor keep possession of the premises, but avowed their intention of leaving the state and abandoning the lease and premises. That defendants had disposed of and concealed their property and were about to leave the state with intent to defraud the

plaintiff out of his claim against them. That by reason of the breach of said lease plaintiff had been damaged.

The prayer is for damages in the amount yet unpaid on the lease and that defendant J. C. Strickland be adjudged guilty of fraud and held for bail for satisfaction of the judgment.

The lease is for a total of $4,500 for five years, of which the first month and the last month were paid in advance. The complaint, filed October 25, 1924, alleges that $2,625 of the total rental was yet unpaid, being payable at $75 per month on the 15th of each month. It is apparent, then, that twenty-five months' rental had been paid, including the last month paid in advance, so that the rent was paid up to November 15, 1924.

To this amended complaint the defendants demurred generally, and also on the ground of uncertainty "in that it cannot be ascertained therefrom whether or not there is any rent now due and unpaid, and also that it cannot be ascertained therefrom whether or not defendants are now in the possession of the premises or in what manner they abandoned the same, or who is now in possession of said premises."

The complaint is also charged to be ambiguous and unintelligible for the same reasons.

The demurrer was sustained without leave to amend and judgment of dismissal given.

The court also rendered its orders vacating the arrest of the defendant J. C. Strickland and discharging certain property which had been attached.

Plaintiff's rights are measured by his contract with defendants.

After receiving the last payment of $75, which paid the rent up to November 15, 1924, he had no further claim against them till this date.

In the case of *Respini* v. *Porta*, 89 Cal. 466 [23 Am. St. Rep. 488, 26 Pac. 967], the court uses this language: "We cannot support him (the plaintiff) in his contention that because the defendant, against his (plaintiff's) wishes and without right, abandoned the property, he is entitled to recover the full amount provided for by the terms of the lease to defendant." The decision then quotes section 3300 of the Civil Code and continues: "We think plaintiff's

rights are measured by the provisions of this section and not by section 3302 of the Civil Code.''

In that case the conditions were quite similar to the case here. When plaintiff demanded payment of rent for an ensuing quarter as provided by the lease ''defendant replied that he had no more money, could not pay the rent, and was going to leave the place and give up everything.''

Our supreme court says in *Welcome* v. *Hess*, 90 Cal. 507, 513 [25 Am. St. Rep. 145, 27 Pac. 371]: ''The term is an estate in lands. The tenant, subject to the covenants of his lease, is the owner for the term. If he leaves the demised premises vacant, and avows his intention not to be bound by his lease, his title still continues, unless the landlord has accepted the offer of surrender. The landlord has no more right to the possession or to lease than a stranger. . . . The tenant cannot abandon his title; and notwithstanding he has gone out, unless the surrender is accepted, that continues. It is his right to resume possession at any time during his term.''

In the case of *Bradbury* v. *Higginson*, 162 Cal. 602 [123 Pac. 797], the court defines the rights of a landlord under similar conditions, saying: ''Where a lease is repudiated and the premises abandoned, the landlord may pursue one of two courses: He may rest upon his contract and sue his tenant as each installment of rent, or the whole thereof becomes due; or, he may take possession of the premises and recover damages, which damages will be the difference between what he may be able to rent the premises for and the price agreed to be paid under the lease. Where he sues for damages, he cannot in advance recover the full price to be paid for the unexpired term, but the amount of his recovery is limited as just indicated.'' (Citing cases.)

The affidavit for attachment which is before the court illustrates plaintiff's claim more fully. It recites: ''That the defendants herein are indebted to the plaintiff in the sum of $2,625.00 . . . upon a written contract for the direct payment of money, to-wit: rentals for leased lands under written lease,'' etc.

Similarly the affidavit for the arrest of one of the defendants states: ''The said defendant is indebted to plaintiff in the sum of $2,625.00 . . . an unpaid balance on a written lease for premises of the plaintiff.''

Neither statement is true. The superior court correctly sustained the general demurrer and dismissed the action. The writ of attachment and the order for arrest fell with the complaint.

The judgment and accompanying orders are affirmed.

Nourse, J., and Sturtevant, J., concurred.