[Civ. No. 7129. Second Appellate District, Division One.—March 9, 1932.]

MARY ALLA BOSWELL, Appellant, v. B. M. MERRILL et al., Respondents.

Walters & Mauk for Appellant.

Hewitt, McCormick & Crump, Guy Richards Crump and A. I. McCormick for Respondents.

TAPPAAN, J., *pro tem.*—The defendants had judgment in the court below and plaintiff appeals therefrom. Plaintiff, the owner of a so-called service station, leased the same, together with equipment, to defendants Merrill and Jessup for a term of years. The lessees at the time of the execution of the lease deposited with the lessor a sum equal to the rent for the last three and one-half months of the lease. Among other provisions of the lease was one that provided as follows:

"It is expressly understood and agreed by and between the parties hereto that upon the actual taking or use of any property for the widening of Tenth Street, and at any time thereafter and during the progress of said improvement, or any other public improvement, that shall, in the opinion of the Lessees, materially interfere with peaceful or profitable occupation of the demised premises or any portion thereof, the Lessees may, at their option, wholly terminate this lease by giving notice to the Lessor of their intention so to do."

Defendant Newlin by a written instrument guaranteed the performance on the part of the lessees of the covenants of the lease. This guarantee was limited to the original parties to the lease.

On the nineteenth day of August, 1927, and during the term of the said lease, the defendant-lessees caused to be served upon plaintiff, as lessor, a notice of their intention to terminate said lease under the provision of the lease as to public improvements heretofore referred to and quoted, and demanded the return of the sum deposited by them upon the execution of the lease. Plaintiff thereafter, on August 25, 1927, notified lessees that she refused to recognize their right to terminate the lease and demanded that they pay certain rent then due and unpaid, and, "Unless this demand is complied with immediately, I shall take such steps as may be necessary to enforce its terms."

On August 29, 1927, the date fixed for the termination of the lease in the notice served upon plaintiff by defendant-lessees, defendant Jessup delivered to plaintiff the keys to the leased premises. Within the next day or two plaintiff put one McCulloch in charge of the station and on September 15th leased it to him for the balance of the lease originally made to defendants, and at a monthly

rental of $200 less than they were bound to pay under the lease had with them. Plaintiff wrote some ten letters offering to lease the premises in question, inquired of a Mr. Young the prospects for leasing the premises, and then leased to McCulloch on the terms proposed by him.

Appellant in her specifications of error alleges error on the part of the trial court as to some six of its findings, but fails to point out any grounds of the alleged error, except in two instances. In these two cases the ground indicated is that the evidence is insufficient to support the questioned findings.

The theory of the defense, with which the trial court must have concurred in making its findings, is perhaps best stated in the language of *Rehkopf* v. *Wirz*, 31 Cal. App. 695, 696 [161 Pac. 285, 286], cited and relied on by respondents:

"Where a tenant abandons the leased property and repudiates the lease, the landlord may accept possession of the property for the benefit of the tenant and relet the same, and thereupon may maintain an action for damages for the difference between what he was able in good faith to let the property for and the amount provided to be paid under the lease agreement. (*Bradbury* v. *Higginson*, 162 Cal. 602 [123 Pac. 797].) But a lessor who chooses to follow that course must in some manner give the lessee information that he is accepting such possession for the benefit of the tenant and not in his own right and for his own benefit. If the lessor takes possession of property delivered to him by his tenant and does so unqualifiedly, he thereby releases the tenant. (*Baker* v. *Eilers Music Co.*, 26 Cal. App. 371 [146 Pac. 1056]; *Welcome* v. *Hess*, 90 Cal. 507 [25 Am. St. Rep. 145, 27 Pac. 369].) An unqualified taking of possession by the lessor and reletting of the premises by him as owner to new tenants is inconsistent with the continuing force of the original lease. If done without the consent of the tenant to such interference, it is an eviction, and the tenant will be released. If done pursuant to the tenant's attempted abandonment, it is an acceptance of the surrender and likewise releases the tenant."

The cause of action set up in plaintiff's complaint is that she, after due notice to defendants, relet the premises surrendered by defendants at the best price obtainable, and

demands damages in a sum equal to the difference she would have received from defendants under the lease surrendered, and that which she will receive under the reletting. The only evidence in the record that plaintiff accepted possession of the premises for the benefit of the tenants and not in her own right, is found in the testimony of plaintiff and her witnesses as to the conversation had at the time defendant Jessup delivered to her the keys of the leased station. Plaintiff and her witnesses testified that at that time such notice was in fact given defendant Jessup. This is flatly denied by the defendant Jessup, and he gives another version of the conversation which, considered in relation to all the surrounding circumstances, was entitled to as much credence as that of plaintiff and her witnesses. The trial court which heard the witnesses give their testimony believed the defendants' version as to this matter of fact.

"In such cases, as in others, the determination of that court in favor of either party upon conflicting or contradictory evidence is not open to review in this court. (*Sherman* v. *Sandell,* 106 Cal. 373 [39 Pac. 797].) If, therefore, the evidence offered by plaintiffs, taken by itself, was sufficiently 'clear, satisfactory and convincing' to satisfy the trial court that the deed was in fact a mortgage, the finding made cannot be overthrown merely because numerous witnesses, whose character is not impeached, gave positive testimony to the contrary effect. As was said in *Wadleigh* v. *Phelps,* 149 Cal. 627, 637 [87 Pac. 93, 98], the appellate court 'will not disturb the finding of the trial court to the effect that the deed is a mortgage where there is substantial evidence warranting a clear and satisfactory conviction to that effect. All questions as to preponderance and conflict of evidence are for the trial court'." (*Couts* v. *Winston,* 153 Cal. 686, 689 [96 Pac. 357, 358].)

The only other finding attacked by appellant involves the question of the good faith of plaintiff in re-renting the premises. This finding was immaterial in view of the position assumed by the court in the finding just considered relating to the question of notice. The surrender was absolute and no right to re-rent for the benefit of the defendants existed. It is only in the event that the landlord informs the tenant that he will re-rent for his benefit that

the question as to the amount of rent secured upon the re-rental becomes material. Here the court found that no such notice had been given.

From an examination of the record here presented, evidence is found therein sufficient to sustain all of the findings merely mentioned in appellant's assignments of error without designation as to the alleged grounds of error.

For the reasons herein stated the judgment appealed from is affirmed.

Conrey, P. J., and York, J., concurred.