[Civ. No. 7464.   Second Appellate District, Division One.—September 13, 1932.]

SALVATION ARMY (a Religious and Charitable Corporation), Respondent, v. THE DAILY TELEGRAM OF LONG BEACH (a Corporation), Appellant.

W. A. Alderson for Appellant.

Newby & Newby and Dee Holder for Respondent.

TAPPAAN, J., *pro tem.*—The plaintiff had judgment in the court below and the defendant appeals therefrom.  The action was one for the recovery of the monthly installments of rent reserved to be paid to plaintiff under the terms of a ten-year lease it had with defendant.  By a supplemental complaint, filed by stipulation of the parties to the action,

plaintiff added to its demand installments of rent and taxes which had accrued since the amended complaint was filed herein. At the time of trial defendant's counsel stated that its defense would be rested solely on the allegations of a certain amendment to its pleading, which amendment read as follows: "For a further and affirmative defense to this action defendant alleges, that after the defendant had quit the possession of said leased property as alleged aforesaid, the plaintiff notified the defendant that it would take possession of said property, would re-lease the same, and would hold the defendant liable for any difference between the rents received from such re-leasing of the premises and the amount stipulated to be paid by the defendant under the terms and provisions of said lease."

The facts, as disclosed by the record here, are as follows: Appellant had, for some years, been a tenant of respondent, under the terms of a ten-year lease. On May 1, 1927, appellant paid to respondent the charges then due under the lease and attempted to surrender up the premises to respondent. As to just what was said and done at this time, the testimony of the witnesses is in conflict. Appellant's witnesses testified to the effect that respondent's representative stated "the only thing he could do, and the best thing that he could do, would be to accept the premises back—the occupancy of the premises, that they should take possession, and that they should rent the premises, and then hold The Telegram Company responsible for any difference. . . . " Respondent's witnesses flatly contradict this testimony, and, further, deny that respondent ever took possession of the premises in question or collected any rent therefrom. Under date of June 1, 1927, the "Property Secretary" of respondent wrote appellant as follows: "We desire to inform you herewith that we cannot accept such notice as absolving you from your liability under the lease entered into between us. We shall hold you responsible for any losses, financial or otherwise, that may accrue to us up to the date of expiration of the forementioned lease.

"In accordance with the requirements of the law, we shall endeavor to lease these premises to the best advantage possible and wish to notify you herewith that any difference between our receipts from such lease and the sum of money due to us under our lease with you will be considered as due

to us in satisfaction of the terms of the contract entered into between us." It does not appear from the record here that the "Property Secretary" who signed the above letter was an officer of respondent corporation or that his authority extended to more than a collection of rents and certain clerical details concerning respondent's properties. There is testimony to the effect that for a part of the time for which respondent claims rent, the premises in question were occupied, and that the rent paid by the occupnat was received by appellant.

■ Appellant's first contention is that "Respondent pursued the wrong remedy." Appellant states his position in this regard as follows: "The respondent cannot maintain this action, the nature and purpose of which are to recover the full amount of the monthly installments of rent required to be paid by the lease. . . . it being contended by appellant that because of the letter, Exhibit A (the letter heretofore referred to in this opinion) the remedy of the respondent was restricted to an action to recover the difference between the rents received by the respondent from reletting of the premises, if any, and the rents stipulated for in the lease." Appellant quotes the following from *Bradbury* v. *Higginson,* 162 Cal. 602, 604 [123 Pac. 797, 798], which in the abstract is a correct statement of the law as involved in the instant case: "Where a lease is repudiated and the premises abandoned, the landlord may pursue one of two courses: He may rest upon his contract and sue his tenant as each installment of rent, or the whole thereof, becomes due; or, he *may take possession of the premises* and recover damages, which damages will be the difference between what he may be able to rent the premises for and the price agreed to be paid under the lease." (Italics ours.)

Under the rule as in the above-quoted case stated, and from the authorities cited by appellant in its brief, it appears that appellant to sustain its alleged defense must first prove a repudiation or abandonment of the lease by the lessee, and, second, an acceptance of such repudiation or abandonment by the lessor, either actual or constructive. This acceptance need not necessarily be express, but may also be implied from the acts and conduct of the parties in their dealings with the leased premises. The repudiation or abandonment of the lease by appellant is an admitted fact and the only question present here is as to the terms and

conditions surrounding repudiation of the lease by appellant. Appellant does not contend that there was an unqualified surrender of the lease by it and an unqualified acceptance thereof by respondent. Appellant's position is that the letter received by it from respondent's "Property Secretary" and hereinbefore referred to, amounted to an election on the part of respondent to sue only in damages for the breach of the lease, and prohibited the maintenance of this action for the rent saved to it under the terms of the lease. There is no evidence that respondent at any time took physical possession of the leased premises. As to what occurred at the time appellant paid to respondent the rent and taxes then due, presents a direct conflict of testimony. The trial court elected to believe respondent's witnesses, rather than those who testified for appellant, upon the question of the surrender of the lease. Respondent never exercised any dominion over the leased premises during the term for which rent is claimed. Appellant collected rent therefrom while this action was awaiting trial. There is no evidence of an "unqualified taking possession" nor "reletting of the premises" referred to in the cases cited by appellant. In the instant case appellant's contention must rest upon the letter referred to alone. As has been hereinbefore pointed out, the other testimony presented at the trial was of a conflicting nature, and the trial court's findings thereon failed to sustain appellant's contention. This letter, if the authority of the signer was sufficient to bind respondent, refers in so far as is here material to acts to be done at some future time. "We shall endeavor to lease these premises to the best advantage. . . . '' There is no evidence that at any time respondent did attempt to lease the premises or that it did lease the premises. There is evidence that the premises were occupied, and that appellant received the rent therefrom. There is no evidence that respondent ever exercised any dominion whatsoever over the premises in question. We cannot agree with appellant that the letter amounted to such an election of remedy that respondent was debarred from the maintenance of this action. The other questions presented upon this appeal, by reason of the conclusion that we have reached herein, are immaterial.

The judgment appealed from is hereby affirmed.

Houser, Acting P. J., and York, J., concurred.