**In re MOUNTAIN STATES SPORTS, INC., Bankrupt.**

**SALT LAKE COUNTY CIVIC AUDITORIUM BOARD, Claimant/Appellant,**

v.

**Richard T. ECKLES, Trustee/Appellee.**

**Bankruptcy No. 76 B 1340.
Civ. A. No. 79–K–1377.**

United States District Court,
D. Colorado.

June 2, 1980.

Marcus G. Theodore, Deputy Salt Lake County Atty., Salt Lake City, Utah, for Salt Lake County Civic Auditorium Board.

Robert G. Pierce, Lakewood, Colo., for Richard T. Eckles.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

The above-entitled action is before the court on claimant-appellant Salt Lake County Civic Auditorium Board's appeal from a bankruptcy court decision denying it a priority claim under 11 U.S.C. § 104(a)(5) and reducing the amount of its general unsecured claim for damages under 11 U.S.C. § 103(a)(9). The trustee for the bankrupt, Mountain States Sports, Inc., has cross-appealed from the decision, challenging the bankruptcy court's allowance of certain future rents in the calculation of claimant's damage claim under 11 U.S.C. § 103(a)(9). The case may be generally stated as asserting a priority claim for rents due and a general claim for future rent in the nature of damages for anticipatory breach by the bankrupt of an unexpired lease, in which lease claimant was the lessor and bankrupt the lessee.

Before turning to the merits of this review, I note that claimant has raised some issues concerning the proper and timely filing of the trustee's cross-appeal and certain other documents. For the reasons stated in the trustee's memorandum in response to these issues, claimant's motion to dismiss and motion for summary judgment are denied.

■ The central question in this case is a factual one; that is, the date on which there was an effective surrender of the leased premises by the lessee or a reentry by the lessor. This question directly relates to the claim for damages for breach of the unexpired lease based on 11 U.S.C. § 103(a)(9), and also relates to the question of use and occupancy for purposes of claimant's priority claim based on 11 U.S.C. § 104(a)(5). The law applicable to a surrender or reentry of leased premises is that of the state wherein the premises are located, here Utah. *See, e. g., Ten-Six Olive v. Curby,* 208 F.2d 117, 121 (8th Cir. 1953); *In re Riviera Club, Inc.,* 280 F.Supp. 741, 751 (W.D.Mo.1967), *aff'd,* 390 F.2d 556 (8th Cir. 1968), *cert. denied,* 391 U.S. 964, 88 S.Ct. 2031, 20 L.Ed.2d 877 (1968). Applicable Utah law can be summarized by a quotation of some length from *John C. Cutler Association v. De Jay Stores,* 3 Utah 2d 107, 279 P.2d 700, 702–03 (1955) (footnotes omitted).

The main issue presented on this appeal is whether the facts and circumstances shown by the evidence are such as to warrant the finding of surrender and acceptance.

Inasmuch as there was no express agreement to abandon the lease, the defendant [lessee] had the burden of establishing as an affirmative defense such an agreement implied from the conduct of the parties. That this can be done we have recognized. In *Willis v. Kronendonk,* [58 Utah 592, 200 P. 1025,] it was stated:

> ' * * * where a tenant abandons the premises, and the landlord unconditionally goes into possession thereof and treats them as though the tenancy had expired, it amounts to a surrender, and the landlord cannot thereafter recover any rent, nor use for damages. If he desires to reserve that right he must recognize the tenants rights in the premises for the unexpired term.'

This does not mean, however, that the landlord cannot enter the premises and exercise the rights of an owner in keeping them safe from damage; nor that he may not do things reasonably necessary in attempting to rent the premises for the purpose of mitigating damages. It is only when he exercises dominion over the premises beyond those purposes and inconsistent with the rights of a tenant whom he seeks to hold for the rental of the premises, that a finding of surrender is justified. That acceptance of the keys and attempting to re-let the premises are not alone sufficient to constitute a surrender and acceptance was recited by this court in the recent case of *Belanger v. Rice* [2 Utah 2d 250, 272 P.2d 173]:

> ' * * * [A]cceptance of the keys might well be merely in order to protect the property and the reletting of the premises might equally logically be for the purpose of mitigating damages in a suit upon the lease.'

Such acts may of course be considered with other circumstances on the question of surrender.

. . . . .

The question of surrender, being generally one of fact as to what was the intention of the parties, is to be determined from all of attendant circumstances including the conduct and expressions of the parties. . . .

*Accord, Mariani Air Products Company v. Gill's Tire Market*, 29 Utah 2d 291, 508 P.2d 808 (1973); *Meyer v. Evans*, 16 Utah 2d 56, 395 P.2d 726 (1964). The bankruptcy court found that bankrupt had ceased its operations at the leased premises on November 29, 1975 and vacated those premises on December 5, 1975, and that claimant had thereafter reentered the premises in order to mitigate its damages for breach of the lease. On this evidence, the court found that the premises had been surrendered on December 5, 1975.

■ While the standard of review of findings of fact is a narrow one, *In re McGinnis*, 586 F.2d 162, 164 (10th Cir. 1978), the scope of review is broader when a question arises concerning the correct application of law. *See, e. g., In re Adlman*, 541 F.2d 999 (2d Cir. 1976); *In re Amex-Protein Development Corp.*, 504 F.2d 1056 (9th Cir. 1974); *Monson v. First National Bank of Bradenton*, 497 F.2d 135 (5th Cir. 1974). In the instant case there is no indication in the record that the bankruptcy court considered applicable Utah law in determining that bankrupt had surrendered the subject premises on December 5, 1975. That law

states that "[i]t is only when [the lessor] exercises dominion over the premises beyond those purposes [to protect his property and to take reasonable steps to mitigate his damages] and inconsistent with the rights of a tenant . . . that a finding of surrender is justified." *John C. Cutler Association v. De Jay Stores, supra*, 279 P.2d at 702. Accordingly, because the decision below turns on a determination under applicable Utah law of the date on which bankrupt surrendered the premises and/or was no longer in actual use and occupancy of those premises, and because it appears that the bankruptcy court did not consider Utah law, the decision of the bankruptcy court is vacated and the case remanded for further consideration in light of such law. In sum, it is

ORDERED that claimant-appellant's motion to dismiss and motion for summary judgment be and hereby are denied. It is further

ORDERED that the decision of the bankruptcy court dated August 21, 1979 be and hereby is vacated, and that the above-entitled case be and hereby is remanded for further appropriate action in accordance with this order, each party to bear his or its own costs.