### COMMERCIAL STATE BANK OF NACOGDOCHES v. VAN DORN et al.

#### No. 3823.

Court of Civil Appeals of Texas. Texarkana. Feb. 26, 1930.

Rehearing Denied March 6, 1930.

A. T. Russell, of Nacogdoches, for appellant.

Perkins & Perkins, of Rusk, for appellees.

LEVY, J. (after stating the case as above).

The appellant bases the right to maintain the present injunction proceedings entirely upon the ground of the lack of authority in the trial court to render judgment against the garnishee in the garnishment proceedings, because of the fact that the answer of the garnishee was not controverted. It is argued that the answer of the garnishee was within the terms of article 4086, Rev. St.

1925, denying any indebtedness or liability to the defendant A. G. Edens, and the garnishee was entitled to be discharged, and the trial court was without authority to render judgment otherwise, as such answer was not controverted as provided under article 4094, Rev. St. 1925.

It is quite correct to say that, where the garnishee in his answer indubitably denies indebtedness or the possession or control of property subject to garnishment, judgment against him cannot be taken on his answer. Article 4086, Rev. St. 1925. But such article may not be said to have strict application to the present answer of the garnishee. Therefore we hold that the judgment in garnishment may not be regarded as a nullity for lack of authority of the court to render it. The answer of the garnishee, as will be observed, sets up apparently a doubtful thing, namely, that "the books" of the bank do not show any indebtedness due by the bank to A. G. Edens, but "the books of this bank" do show there was "to the credit of Mrs. A. G. Edens, wife of A. G. Edens, defendant, the sum of $227.97; and that said credit is a part of the proceeds of the check for $2,000.00 inquired about, as I understand." Such answer may be regarded, as the trial court seemingly concluded, as intended to be viewed as a disclosure of facts from which the garnishee's liability for an indebtedness may or may not be adjudged by the court upon proper interpleader of adverse claimants. The deposit in the wife's name was only presumptively her separate property. Article 4622, Rev. St. 1925. The presumption would not be conclusive against the plaintiff, who was authorized to show that such funds were community funds subject to payment of creditors, although in the name of the wife. Mrs. A. G. Edens could have been brought into the garnishment proceedings by interpleader, and, after joinder of issue, the title to the $227.97 could have been passed on by the court and determined to be the fund legally owing to the community or Mrs. Edens separately, as the evidence would warrant. That would become a new issue, operating to postpone the determination of liability between the plaintiff and the garnishee on the garnishee's answer. And, in order to make such issue, controverting affidavit by the plaintiff was not necessary, since the facts set up in the garnishee's answer were uncontradicted and not false in any particular. White v. San Miguel (Tex. Civ. App.) 66 S. W. 311; Swearingen v. Wilson, 2 Tex. Civ. App. 157, 21 S. W. 74, 75. Therefore it could not be said that the court was without jurisdiction to render judgment in the garnishment proceedings on the garnishee's answer. Although it does not appear in the case whether there was an interpleader of Mrs. Edens filed or not, yet the failure to do so, if there was

such failure, would present irregularities reviewable only on appeal or writ of error, and would not make the garnishment judgment a nullity and subject to collateral attack by injunction.

There is distinguishment between a judgment that is void and a judgment that is merely voidable or erroneous. 34 C. J. §§ 815, 816, p. 511.

It is believed that the trial court did not err in refusing the injunction prayed for in the present proceedings, and such judgment is therefore affirmed.