AMOS E. COFFELT, Plaintiff,

.v.

**PACIFIC RIM CONSULTING AND INSPECTING CORP., a Hawaii corporation, and KENNETH A. BENISH, Defendants.**

High Court of American Samoa
Trial Division

CA No. 48-98

August 27, 2001

Before RICHMOND, Associate Justice, LOGOAI, Chief Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Paul F. Miller
For Defendant Kenneth A. Benish, William H. Reardon

ORDER DISMISSING CONTROVERSION PROCEEDING
AGAINST GARNISHEE, AND IN AID OF JUDGMENT

On September 10, 1997, plaintiff Amos E. Coffelt ("Coffelt") obtained a judgment against defendants Pacific Rim Consulting and Inspection

Corp., a Hawaii corporation ("Pacific Rim HI"), and Kenneth A. Benish ("Benish"), jointly and severally, in the amount of $1,199,347.00 in the Circuit Court of the First Circuit, State of Hawaii ("the HI judgment").

On April 30, 1998, pursuant to the Uniform Enforcement of Judgments Act, A.S.C.A. §§ 43.1701-.1709, Coffelt petitioned for registration of the HI judgment as a foreign judgment in this court. Notice of filing the HI judgment was given to Pacific Rim HI and Benish in accordance with A.S.C.A. § 43.1704(b). As authorized by A.S.C.A. § 43.1705, in April of 1999, more than 30 days having passed, Coffelt initiated process to enforce the HI judgment by execution, garnishments, an application for an order in aid of judgment, and discovery.

Coffelt applied for an order in aid of judgment on April 3, 2000, pursuant to A.S.C.A. §§ 43.1501-.1506. A hearing was scheduled on May 22, 2000, but on the hearing date, the motion was taken off-calendar at Coffelt's request. On September 6, 2000, a hearing on the motion was rescheduled on October 2, 2000. The hearing was continued to November 16, 2000, and again to January 12, 2001. However, when Coffelt's counsel did not appear on January 12, 2001, the motion again was taken off-calendar. The motion remains pending.

Pacific Rim of American Samoa, Ltd., ("Pacific Rim AS") was among the various garnishees. A writ of garnishment, notice of garnishment, and interrogatories as set forth in A.S.C.A. § 43.1805 were issued to Pacific Rim AS on January 17, 2001. On January 18, 2001, in compliance with A.S.C.A. § 43.1802(b), the Marshal served those documents on Benish as the purported manager of Pacific Rim AS. The notice was defective by failing to state the garnishee's appearance date in court (the second Tuesday following service required under A.S.C.A. § 43.1802(b)), but did properly direct the garnishee to answer the interrogatories in lieu of the court appearance. When no answers were forthcoming, a hearing was scheduled on March 19, 2001, upon Coffelt's motion, to compel the answers. However, this hearing was cancelled when, on March 7, 2001, Pacific Rim AS filed answers. The answers were signed on behalf of Pacific Rim AS by Tina V. Benish ("Tina Benish") on March 5, 2001, in Apia, Samoa.

On March 15, 2001, pursuant to A.S.C.A. § 43.1807, Coffelt filed a controversion of the answers provided by Pacific Rim AS. Pacific Rim AS has not filed any pleading related to the controversion proceeding beyond its original answers to the garnishment interrogatories. Likewise, neither Pacific Rim HI nor Benish has filed any pleading permitted by A.S.C.A. § 43.1810. Trial on the controversion was originally scheduled on April 6, 2001, and then continued, first to May 7, 2001, and ultimately to July 30, 2001. On June 5, 2001, Benish was served with the

169

controversion pleading and notice of the July 30, 2001, trial date. On July 30, 2001, counsel for Coffelt was present. Benish and his counsel were also present. Tina Benish was not present.

## Discussion

### A. Notice Issues

A judgment may not be rendered against a garnishee who has not been notified of the controversion pleading and the time and place of trial. A.S.C.A. § 43.1808. In addition, a judgment may not be entered against a garnishee until the principal debtor defendant on the underlying debt has been given seven days written notice of the controversion proceeding and trial date. A.S.C.A. § 43.1812.

Benish was served with the controversion pleading and written notice of the July 30, 2001 trial date on June 5, 2001. Pacific Rim HI was not separately served with these documents. We hold that the service on Benish was sufficiently compliant with A.S.C.A. § 43.1812 for purposes of the controversion proceeding before us.

Benish argues that the service on him did not constitute the statutorily mandated notice of the controversion proceeding and trial date to the garnishee Pacific Rim AS, A.S.C.A. § 43.1808, because he is no longer a director, officer, employee, or agent of, or otherwise associated with Pacific Rim AS. We take judicial notice of the ongoing proceedings in *Benish v. Benish*, DR No. 105-99, in addition to the evidence taken at the trial of the controversion proceeding, in our assessment of this argument.

Pacific Rim AS was incorporated by Benish, his former wife Ta`alolo Galeai Benish ("Galeai"), and Clara Snow. Until Benish and Galeai were divorced on October 21, 1999, they clearly owned, but Benish essentially operated, the corporation. Under the settlement agreement approved and incorporated in the decree of divorce in *Benish*, Benish became the sole shareholder of Pacific Rim AS. Galeai completely severed her relationship with Pacific Rim AS, and new officers and directors were put in place. Although undocumented, Benish claims that, at an unspecified time (under the evidence) after the divorce was granted but before the original garnishment documents were served on Pacific Rim AS, he transferred all shares in Pacific Rim AS to Tina Benish, the former secretary of the company. He claims that Tina Benish is now the sole owner and operator of Pacific Rim AS, and that he conducts business as a consultant on various construction issues totally independent of any connection with Pacific Rim AS. Because Tina Benish presently lives in [Western] Samoa, she has neither been nor can be readily served on behalf of Pacific Rim AS with the present controversion pleadings and trial date notice.

■ As admitted in Tina Benish's answers on behalf of Pacific Rim AS, Benish was an employee of the corporation as of January 18, 2001, when the garnishment documents were served on him. Tina Benish also stated that Benish was no longer an employee of Pacific Rim AS when she signed the answers on March 5, 2001. However, she further added, "but as my husband, he will look after my interests." Based on the organizational and operational history of Pacific Rim AS and Benish's general grant of authority to handle Tina Benish's affairs, we find that Benish controls the corporation Pacific Rim AS as his alter ego. *See, e.g., Amerika Samoa Bank v. Adams*, 22 A.S.R.2d 38, 43 (Trial Div. 1992) (finding a corporation to be the alter ego of an individual based on a totality of circumstances, including his dominion and control of the corporation). The service on June 5, 2001, of the controversion pleading and trial notice on Benish thus satisfies the statutory requirement of A.S.C.A. § 43.1808 of notification to the garnishee.

B. Controversion Issues

Pacific Rim AS has submitted answers to Coffelt's garnishment interrogatories stating that it does not "hold or control any property, rights, or credits" belonging to Benish, and that he is no longer an employee of Pacific Rim AS, though he does "look after" the interest of his wife, Tina Benish, the owner the corporation. Coffelt controverts these answers, and asks this Court to find that Pacific Rim AS, in addition to being Benish's alter ego, indeed holds property, rights, or credits belonging to Benish, or is indebted to him. Such a finding would form a basis for the Court to render a judgment in the garnishment controversion proceeding holding Pacific Rim AS liable to Coffelt for the amount owed under the HI judgment. A.S.C.A. § 43.1811.

■ However, Coffelt has failed to prove by a preponderance of the evidence that Pacific Rim AS "was indebted to Benish or had any of his property" at the time the writ of garnishment was served on the corporation. A.S.C.A. § 43.1811. Indeed, Coffelt has failed to prove that Pacific Rim AS has any property at all, much less the property of Benish. Without a finding of Pacific Rim AS's indebtedness to Benish or its possession or control of his property that would be subject to garnishment, we cannot render a judgment holding Pacific Rim AS liable as a garnishee. *See also Commercial State Bank of Nacogdoches v. Van Dorn*, 25 S.W.2d 192, 193 (Tex. Ct. App. 1930).

We will hold that, in the controversion proceeding, Pacific Rim AS as garnishee is not liable to Coffelt on the HI judgment against Pacific Rim HI and Benish. We will therefore dismiss Coffelt's controversion proceeding and terminate his present garnishment proceeding against Pacific Rim AS.

## C. Order in Aid of Judgment

As indicated above, Coffelt's motion for an order in aid of judgment is still outstanding. Benish was ordered in *Benish v. Benish*, DR No. 105-99, to pay to Galeai spousal support of $1,000 per month and $300 per month in child support for each of their three children, a total of $1,900 per month. This order was based on the agreement between Benish and Galeai, and the Court's determination that Galeai reasonably required spousal and child support in this amount and Benish could afford to pay it. Since then, one of the three children has reached adulthood. Thus, the total amount of spousal and child support has been reduced to $1,600 per month. Benish is still able to pay the larger amount. Accordingly, pursuant to A.S.C.A. § 43.1503, we will conclude the pending application for an order in aid of judgment by ordering Benish to pay $300 per month in aid of the HI judgment at this time.

## Order

1. The controversion proceeding against Pacific Rim AS is dismissed, and the present garnishment proceeding against it is terminated.

2. Benish shall pay $300 per month, beginning in the month of September 2001, in aid of the HI judgment. Payments shall be made to the Clerk of the Court, who shall release the funds paid to counsel Paul F. Miller for disbursement to Coffelt.

It is so ordered.